IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEITH JORDAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:02-CV-0086-P |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal | § | |
| Justice, Institutional Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER

This is a petition for habeas corpus filed by a state prisoner pursuant to 28 U.S.C. § 2254. The magistrate judge filed his Findings, Conclusions and Recommendation on February 24, 2006, and petitioner filed objections to the report on March 17, 2006.[1]  Petitioner asserts claims of ineffective assistance of counsel in that his counsel: (1) did not explain the law to him; (2) did not object to expert testimony; (3) did not object to improper bolstering of the credibility of the complaining witness; and (4) did not object to the jury charge.  Petitioner also claims that the state suppressed evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).  The magistrate judge concluded that petitioner failed to establish denial of a constitutionally protected interest and recommended that the application be denied.  Petitioner's objections challenge the magistrate judge's findings and conclusions with respect to each of his claims except the claim regarding jury charge error.

Petitioner maintains that his attorney did not explain the law to him, specifically, that he

---

[1] Petitioner was granted an extension of time to file his objections by order of March 2, 2006.

Order - Page 1

was not informed that consent was not a defense to the aggravated kidnaping charge.  Petitioner contends he had no defense to the kidnaping charge because he could not "legally take the 14 year old complainant to a rural area for the purpose of engaging in sex with her."  Obj. at 2.  Although in this case consent was not a defense to the sexual assault charge involving the 14 year old complainant, consent was not foreclosed as a defense in the kidnaping charge.  The magistrate judge's report correctly sets forth the elements of the aggravated kidnaping charge and explains how under Texas law, if the complainant voluntarily accompanied petitioner, there was no restraining or abduction.  Both of these elements are necessary to establish a kidnaping charge under Texas law.  Petitioner maintains that the magistrate judge overlooked that deception in moving a 14 year old girl from one place to another is a violation of law.  Petitioner concludes that "surely, a jury would find it deceptive to take a 14 year old girl from one place to another for purposes of engaging in sex."  Obj. at 2.  Accepting this argument as true, however, only establishes the "restrain" element of kidnaping.  TEX. PENAL CODE ANN. § 20.01.  This does not establish the "abduction" element which requires that a person be restrained with intent to prevent her liberation by (A) secreting or holding her in a place where she is not likely to be found; or (B) using or threatening to use deadly force.  *Id.*  If the jury accepted petitioner's story that the complainant voluntarily accompanied him to the rural area, there could be no finding of abduction.  Thus, even if petitioner's testimony that counsel did not explain to him that he had no defense to the kidnaping charge is accepted as true, petitioner has failed to establish that counsel's performance was deficient.  Petitioner's claim on this basis is denied.

     Petitioner asserts that trial counsel was ineffective for failing to object to testimony by a Dallas police detective that the complainant did not fit the profile of a prostitute.  Petitioner

acknowledges that his belief that the complainant was a prostitute was not a legal defense because of the age of the complainant.  However, petitioner argues that if the jury believed that the complainant was a prostitute, his punishment may have been mitigated.  The magistrate judge accepted trial counsel's explanation that instead of objecting to the officer's testimony, she chose to cross-examine the complainant regarding whether she solicited petitioner for sex.  Petitioner maintains that there could "be no trial strategy involved in failing to object" and that "the testimony was unreliable and inadmissible." Obj. at 3.  The court disagrees that the officer's testimony was unreliable or inadmissible.  The officer who testified worked in the Child Exploitation Unit and the Federal Crimes Against Children Task Force of the Dallas Police Department, and his duties included dealing with juvenile prostitutes.  (Trial Tr., Vol. 2 at 113).  The officer testified he had been in that particular police unit since 1989, had attended several hundred hours of instruction and training, worked with task forces across the country dealing with child exploitation and child pornography, did consulting for the Department of Justice and trained law enforcement officers in this area.  (Id. at 114).  Petitioner made an issue of whether the complainant was a prostitute.  Hence, the state was entitled to ask the officer's opinion on the issue in light of the officer's training and experience and his knowledge of the complainant.  The officer's testimony was admissible under either Texas Rule of Evidence 701 or 702.  Petitioner has failed to establish that trial counsel's performance was deficient.  Further, petitioner has failed to establish that if counsel had objected or requested a hearing outside the presence of the jury, the results of the proceedings would have been different.  Petitioner's application on this basis is denied.

      Petitioner next argues that counsel was ineffective for failing to object when the same

officer stated that he believed the complainant was truthful with him when he interviewed her. However, as the magistrate judge found, the officer's testimony was in response to questions asked by trial counsel. On cross examination of the officer, trial counsel was attempting to create some doubt regarding the complainant's truthfulness as to what she was doing by herself at a 7-11 store at 11:30 at night soliciting a ride from an unaccompanied male. The officer responded that he thought the complainant was truthful with him. Petitioner has not shown that counsel was deficient in failing to object to the officer's testimony given in response to questions asked by counsel. Petitioner's claim on this basis is denied.

 Lastly, petitioner contends that the prosecution failed to disclose to him juvenile records of the complainant. During her testimony, the complainant stated that she had "never been to one of those little jail things before, I never got a curfew ticket before." (Vol. 2 at 59). In fact, the complainant had been previously arrested for shoplifting. The Supreme Court has held that a prosecutor's duty to disclose evidence favorable to the accused extends to evidence that can be used for impeachment. *Giglio v. U.S.*, 405 U.S. 150,154 (1972); *U.S. v. Bagley*, 473 U.S. 667 (1985). The fact of the complainant's prior arrest was impeachment evidence that should have been disclosed. The state argues that evidence of the juvenile arrest was not admissible under Texas Rule of Evidence 609(d). However, petitioner was not seeking to use evidence of a prior juvenile conviction as impeachment under rule 609. That rule is inapposite to the issue at hand. Petitioner was seeking to impeach the complainant by showing that she testified falsely when she stated she had never been to jail. As petitioner notes, the complainant's testimony gave the impression that she had not been previously arrested. In this case, credibility of the witnesses was an important issue, and petitioner was entitled to use evidence of the prior arrest to impeach

the complainant's testimony.

However, as noted by the magistrate judge, *Brady* does not require the state to furnish a defendant with evidence that is fully available to the defendant through the exercise of reasonable diligence. *Kutzner v. Cockrell*, 303 F.3d 333, 336 (5th Cir. 2002). In this case, both trial counsel and petitioner testified that they had the complainant's prior record. Counsel was unclear as to whether the complainant had no charges or no charges for prostitution. (State Habeas Hearing Tr. at 49-50). Petitioner testified that he was told by his counsel that the complainant had a criminal record. (Id. at 66). Because petitioner apparently had access to the complainant's juvenile record, he can not show that the state suppressed any material evidence. Petitioner's claim is denied as to his *Brady* claim.

To the extent not stated otherwise in this order, the court adopts the findings and conclusions of the magistrate judge. For the reasons stated in the magistrate judge's findings and conclusions and in this order, petitioner's application for writ of habeas corpus is denied.

Signed this 22nd day of May 2006.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE